# In the United States Court of Federal Claims
(Pro Se)

|  |  |  |
|---|---|---|
| JOHN TED BAREFIELD, | ) | |
| Plaintiff, | ) ) ) | No. 21-1918T |
| v. | ) ) | (Filed: March 10, 2022) |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) ) | |

*John T. Barefield*, Pro Se, Tallahassee, FL.

*Andi M. Leuszler*, Attorney of Record, U.S. Department of Justice, Tax Division, Washington, DC, with whom were *Mary M. Abate*, Assistant Chief, Court of Federal Claims Section, *David I. Pincus*, Chief, Court of Federal Claims Section, and *David A. Hubbbert*, Deputy Assistant Attorney General, for Defendant.

### OPINION AND ORDER

**KAPLAN, Chief Judge.**

The plaintiff in this case, John Barefield, proceeding pro se, alleges that the Internal Revenue Service ("IRS") has wrongfully imposed a levy on his social security disability income ("SSDI") to satisfy his tax liabilities for tax year 2008. See Compl. at A-6, Docket No. 1; see generally Compl. Exs. A–O, Docket No. 1-3.[1] He requests that the Court "order the [IRS] to stop any kind of monthly levy or seizure" of his SSDI and "honor the IRS Appeals Ruling of Non[-]Collectible status for [the] 2008 [t]ax [y]ear," Compl. ¶ 5, and direct it to return the money levied from his SSDI during 2019, 2020, and 2021, id. at A-11.

On January 25, 2022, the government filed a motion to dismiss Mr. Barefield's complaint for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States

---

[1] Plaintiff attached to his complaint an appendix which contains hand-paginated Exhibits, and the Court refers to the Exhibits' pagination accordingly.

Court of Federal Claims ("RCFC"). See Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1; id. at 4 (asserting five independent grounds for dismissal of the complaint), Docket No. 15.[2]

For the reasons set forth below, the Court agrees that it lacks jurisdiction over Mr. Barefield's claim, and his complaint accordingly must be **DISMISSED**.

## BACKGROUND[3]

On December 13, 2010, the IRS issued a notice of deficiency to Plaintiff with respect to the 2008 tax year, informing him that he owed $5,953 in income taxes. See Def.'s Mot. Ex. 2, at 1 (Order, Barefield v. Comm'r, Docket No. 5525-11 at 1 (T.C. Sept. 27, 2011)), Docket No. 15-2. On March 7, 2011, Mr. Barefield brought suit in Tax Court challenging the deficiency notice on the grounds that the SSDI he received in 2008 did not constitute taxable income. Id. The Tax Court granted summary judgment to the government, finding that Mr. Barefield had a $5,777.09 tax deficiency for that year. Def.'s Mot. Ex. 3, at 2 (Order and Decision, Barefield v. Comm'r, Docket No. 5525-11 (T.C. Nov. 4, 2011), Docket No. 15-3.

Mr. Barefield appealed to the Eleventh Circuit, which affirmed the Tax Court's ruling. See Barefield v. Comm'r, 501 F. App'x 941 (11th Cir. 2012). The court of appeals agreed with the government that SSDI benefits are taxable as "gross income." Id. at 943.

In October 2012, the IRS issued to Mr. Barefield a Notice of Intent to Levy his income to satisfy his 2008 tax year liabilities. See Def.'s Mot. Ex. 1, at 4 (Mr. Barefield's Form 4340 "Certificate of Assessments, Payments, and Other Specified Matters" for the 2008 tax year), Docket No. 15-1. Mr. Barefield then invoked his right to seek a hearing before an officer of the IRS Independent Office of Appeals. I.R.C. §§ 6320(b), 6330(b) (entitling a taxpayer challenging a lien or levy to a hearing).

An appeals hearing was held in April 2013. See Compl. Ex. M. Thereafter, Mr. Barefield received a Notice of Determination stating that his unpaid tax liability had been "placed in

---

[2] Mr. Barefield filed a response to the government's motion to dismiss on February 16, 2022, Docket No. 16, and the government filed its reply in support of its motion on February 28, 2022, Docket No. 17. Then, on March 3, 2022, Mr. Barefield attempted to file a "Reply to Deny Defendant's Motion to Further Support Defendant's Motion to Dismiss," which would actually be a sur-reply to the government's reply. The Rules do not provide for the filing of a sur-reply. Further, and in light of the Court's dismissal of the complaint for lack of subject-matter jurisdiction, the Clerk is instructed to return the document to Mr. Barefield unfiled.

[3] These facts are based on assertions in Plaintiff's complaint and attached Exhibits, which the Court accepts as true solely for purposes of ruling on the pending motion to dismiss. For purposes of background, the Court also includes jurisdictional facts drawn from the government's motion. See Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991) (explaining that the Court may go outside of the pleadings when ruling on a motion to dismiss under RCFC 12(b)(1) and "inquire into jurisdictional facts" to determine whether it has jurisdiction).

currently not collectible" status pursuant to IRS policy. Compl. Ex. B, at 2. That policy pauses collection actions against taxpayers for whom collection would cause economic hardship. See Compl. at A-6; Def.'s Mot. Ex. 1, at 5 (noting that Mr. Barefield's account is in "not collectible hardship status").[4]

Mr. Barefield apparently sought to confirm the status of his tax liability on multiple occasions after he received the Notice of Determination. See Compl. Exs. E, F, G, I. On December 24, 2013, and February 26, 2014, the IRS responded to his inquiries confirming that his unpaid tax balance would, for the time being, be treated as not collectible, and that the IRS would not pursue collection actions against his account. See Compl. Ex. C (stating that Mr. Barefield's account remained in "not collectible" status but explaining that he owed $7,806.31 in taxes, interest, and penalties for the 2008 tax year, and that the IRS would continue to charge penalties and interest and "may re-open [his] case and resume collection activities in the future if [his] financial situation improves"); Compl. Ex. D (stating that Mr. Barefield's account remained in "not collectible" status but that his 2008 liabilities would "continue to accrue penalties and interest until paid in full").

According to Mr. Barefield, in April 2019 the IRS informed him that it would resume collection actions by placing a levy on his SSDI benefits to recoup what then amounted to $11,225.69 in taxes, penalties, and interest. Compl. at A-7 (stating that Plaintiff "got word" of the IRS' intent to levy this unpaid liability). By letter of April 10, 2019, Mr. Barefield requested a hearing to contest the levy. Compl. Ex. E, at 1. He reiterated that request by letter of June 21, 2019. Compl. Ex. F. He also submitted a Collection Appeal Request on November 12, 2019. Compl. Ex. H (IRS Form 9423).

Mr. Barefield states (and the government does not deny) that the IRS did not respond to any of his correspondence. See Compl. at A-7; id. at A-8 (citing I.R.C. § 6330(a)(1)). Instead, and notwithstanding the lack of a final notice or opportunity for a hearing, it levied his SSDI benefits from mid-2019 through mid-2020. Id. at A-8 to A-9; see also Def.'s Mot. Ex. 1, at 7

---

[4] The Tax Code permits the IRS to levy the property of a taxpayer who fails to pay delinquent taxes, see I.R.C. § 6331(a), but also provides that a levy may be "released" on several grounds, including economic hardship, see id. § 6343(a)(1)(D). The Secretary of the Treasury has issued IRS Policy Statement P-5-71 outlining the "general rule" that "accounts will be reported as currently not collectible when the taxpayer has no assets or income which are, by law, subject to levy" or where a taxpayer has "limited assets or income but it is determined that levy would create a hardship," which "exists if the levy action prevents the taxpayer from meeting necessary living expenses." Pursuant to this guidance, the IRS does not take collection action while an account remains deemed "not collectible," although interest and penalties continue to accrue during this time, and the IRS will occasionally reassess the taxpayer's ability to pay. See Committee Educational Session: Bankruptcy Taxation Overview of Significant Tax Issues for Chapter 7 and Chapter 11 Debtors and the Impact of Non-bankruptcy IRS Alternatives, 033111 ABI-CLE 1567; see also I.R.C. § 6343(3) ("The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.").

(IRS records reflecting monthly levies with respect to the 2008 tax year beginning in October 2019 and continuing to March 18, 2020).[5]

On March 20, 2020, the IRS Appeals Office contacted Mr. Barefield in response to a letter it received from him on March 2, 2020. Compl. Ex. M. It confirmed that—notwithstanding the prior six months of levies—his "outstanding balances [we]re still currently in . . . non-collectible status" and that "there should be no levy being applied to [his SSDI]." Id.; see also Compl. at A-9 (contending that the levy abruptly stopped in mid-2020).

In July 2021, the IRS resumed the levy on Mr. Barefield's SSDI benefits. Compl. Exs. N, O, (United States Department of the Treasury, Bureau of the Fiscal Service notices of credit applied to IRS debt, dated July 21, 2021, and August 13, 2021); Def.'s Mot. Ex. 1, at 7–8 (showing levies from July 2021 to October 2021). According to his complaint, Mr. Barefield did not receive notice that a levy would be applied to his SSDI benefits for this period either. Compl. at A-10.

Mr. Barefield filed the present suit on September 27, 2021. In it, he seeks relief from the levy which was at that time being applied against his SSDI benefits to satisfy his 2008 tax liabilities. Id. at A-11. Specifically, he contends that the IRS has violated his procedural rights by failing to provide notice of the levy on his SSDI benefits. Id. at A-8. He requests that the Court order the IRS to stop and not restart the levy, to return the amount collected via levy in the years 2019, 2020, and 2021, and to communicate to him the amount he owes in taxes, penalties, and interest for the 2008 tax year. Id. at A-11.

**DISCUSSION**

In deciding a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may "inquire into jurisdictional facts" to determine whether it has jurisdiction, Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991), and may consider all pleadings as well as matters of which it may take judicial notice, see Rocky Mountain Helium, LLC v. United States, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (citing RCFC 10(c)). The plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013). Further, though it is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met, Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

The Court of Federal Claims has concurrent jurisdiction with federal district courts over tax refund suits under 28 U.S.C. § 1346(a)(1) where a taxpayer prepays the full tax assessed

---

[5] The IRS Form 4340 which the government submitted also reflects that the IRS erroneously levied and then reversed charges in the amounts of $3,000 in May 2019 and $3,099 in June 2019. Def.'s Mot. Ex. 1, at 6.

4

exclusive of interest and penalties. Shore v. United States, 9 F.3d 1524, 1527 (Fed. Cir. 1993). This grant of jurisdiction, however, is subject to the statutory bar set forth at I.R.C. § 6512. Section 6512(a) provides, with limited exceptions not relevant here, that "no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court" for the same taxable year as to which they received a notice of deficiency and filed a petition with the Tax Court. I.R.C. § 6512(a) (emphasis supplied); see also Smith v. United States, 495 F. App'x 44, 48 (Fed. Cir. 2012) (explaining that section 6512(a) "would bar [Plaintiff]'s suit in any court"); Cheesecake Factory Inc. v. United States, 111 Fed. Cl. 686, 692 (2013) (same); Solitron Devices, Inc. v. United States, 16 Cl. Ct. 561, 567 (1989) (noting that this bar to the exercise of the court's jurisdiction is applicable even if "circumstances prevented the taxpayer from raising an issue during the earlier Tax Court proceeding").

Plaintiff timely filed a petition in the Tax Court regarding the Notice of Deficiency issued with respect to his 2008 tax return. See Def.'s Mot. Ex. 2, at 1 (Order, Barefield v. Comm'r, Docket No. 5525-11 at 1 (T.C. Sept. 27, 2011)). This Court accordingly lacks jurisdiction over any claim for a credit or refund for the 2008 taxable year, including his request that it order the IRS to "repay all of the total levy money that has been improperly taken from [him]." Compl. at A-11.

Further, while the Court has subject-matter jurisdiction over suits seeking a tax refund, it lacks the authority "to enjoin an IRS collection proceeding." Ledford v. United States, 297 F.3d 1378, 1381–82 (Fed. Cir. 2002) (explaining that "no statutory authority exists that would grant the Court of Federal Claims the power to enjoin an IRS collection proceeding," and noting that I.R.C. § 7421, in most situations, "flatly prohibits" courts from providing such relief); see also Schlabach v. United States, 97 Fed. Cl. 232, 234 (2011) ("This court's equitable authority does not allow the court to enjoin the IRS from collection of penalties or taxes even if the IRS' assessment and collection is tied directly to a claim for a refund that is properly before the court."). It therefore cannot order the IRS to "stop any type of monthly levy or seizure of Plaintiff's [SSDI]," "not to restart a levy again," "to return any money [taken]," "to communicate with Plaintiff exactly how much it is alleged Plaintiff owes," Compl. at A-12, nor can it direct the IRS to "cease and desist from levying" Mr. Barefield's income, as he has requested, Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") at 9, Docket No. 16.

Nor does the Court have jurisdiction over a challenge to a levy, lien, or collection action as unlawful. I.R.C. §§ 7426(a)(1), 7432(a), 7433(a); see also Pekrul v. United States, 144 Fed. Cl. 556, 559 (2019), aff'd, 792 F. App'x 834 (Fed. Cir. 2020); Cooper v. United States, 123 Fed. Cl. 226, 233 (2015) ("The [Internal Revenue Code] does not authorize taxpayers to challenge the IRS's imposition of a levy in the Court of Federal Claims." (citing I.R.C. §§ 6330–31)). The federal district courts have exclusive jurisdiction over such claims, and the Court of Federal Claims is not a federal district court. Ledford, 297 F.3d at 1382. Accordingly, the Court lacks jurisdiction over Mr. Barefield's claim challenging "the illegal execution of the levy/collection." Pl.'s Resp. at 9.

Finally, the Court notes that central to Mr. Barefield's complaint is his allegation that the IRS has "violat[ed] their own rules and procedures." Compl. at A-7 to A-8 (citing I.R.C. § 6330(a)); see also Pl.'s Resp. at 2 (contending that the IRS has "misuse[d] its own

rules/regulations"); id. at 4–5, 9 (alleging that the levy "was started based on violation of [his] Appeal/Hearing Rights"). The Court, however, lacks jurisdiction over claims that the IRS violated a taxpayer's procedural rights, LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (providing that the Due Process Clause is not money mandating), including claims that it did not provide proper notice of a levy or a right to a hearing. Nor may it hear claims brought under the Administrative Procedure Act ("APA"), which does not authorize an award of money damages. Lion Raisins, Inc. v. United States, 416 F.3d 1356, 1370 n.11 (Fed. Cir. 2005) (observing that "no APA review is available in the Court of Federal Claims" (citing Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (noting that the Court of Federal Claims "lacks the general federal question jurisdiction of the district courts, which would allow it to review the agency's actions and grant relief pursuant to the [APA]"))). The Court therefore lacks "the authority to mandate that [the] IRS follow their own rules/procedures/regulations," Pl.'s Resp. at 9, and has no jurisdiction over Plaintiff's claim that the IRS' actions are in violation of the APA, id. at 1.

For the reasons set forth above, the government's motion, Docket No. 15, is **GRANTED**, and Plaintiff's complaint is **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

*Elaine D. Kaplan*
ELAINE D. KAPLAN
Chief Judge